FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2012 DEC -7  PM 3: 15

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, INC., | ) |
| | ) |
| FAIR HOUSING CENTER OF CENTRAL INDIANA, | ) |
| | ) |
| and | ) |
| | ) |
| H.O.P.E., Inc., d/b/a/ HOPE FAIR HOUSING CENTER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BUCKINGHAM REALTY AND DEVELOPMENT CORPORATION, d/b/a THE BUCKINGHAM COMPANIES, | ) |
| | ) |
| BUCKINGHAM CONSTRUCTION CORP., | ) |
| | ) |
| BUCKINGHAM MANAGEMENT, LLC, | ) |
| | ) |
| BUCKINGHAM MR, LLC, | ) |
| | ) |
| GRAND PRAIRIE APARTMENTS, LLC, | ) |
| | ) |
| MICHIGAN ROAD PARTNERS, LLC, | ) |
| | ) |
| PROVIDENCE HOUSING PARTNERS, LLC, | ) |
| | ) |
| PROVIDENCE HUD, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| SPRINGHURST HOUSING PARTNERS, LLC, | ) |
| | ) |
| Defendants. | ) |

**1: 12 -cv- 1 79 3 LJM -TAB**

Case Number _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

1

## INTRODUCTION

1.      Plaintiffs National Fair Housing Alliance ("NFHA"), Fair Housing Center of Central Indiana ("FHCCI") and H.O.P.E., Inc. ("HOPE") hereby bring this civil rights action against the builders, managers and current owners of multifamily apartment complexes designed and/or constructed by Defendant Buckingham Realty and Development Corporation for monetary, declaratory and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619. The FHA requires that certain apartment complexes built for first occupancy after March 13, 1991 be designed and constructed with accessible and adaptable features for people with disabilities.

2.      Since at least 2001, the Design/Build Defendants, who are identified in paragraphs 11 through 16, have engaged in a continuous pattern or practice of discrimination against people with disabilities in violation of the FHA by designing and/or constructing multifamily dwellings, and the common use and public use areas associated with those dwellings (hereafter referred to as "covered units" or "covered apartment complexes"), at four apartment complexes tested by Plaintiffs, as to deny people with disabilities full access to, and the use of, these facilities as required under the FHA. The four apartment complexes are:  Apartments at Grand Prairie ("Grand Prairie"), in Peoria, Illinois; Champion Farms Apartments at Springhurst ("Champion Farms"), in Louisville, Kentucky; Providence at Old Meridian, in Carmel, Indiana; and The Reserve at Williams Glen, in Zionsville, Indiana (the "Subject Properties"). At least one of the Subject Properties has apartment buildings with covered units that were first

occupied within two years of the filing of this Complaint. The Design/Build Defendants' violations of the FHA at these apartment complexes are serial and frequent, and they continue approximately 20 years after the effective date of the FHA accessibility requirements.

3.      The Design/Build Defendants' violations of the FHA accessibility requirements have serious and significant consequences for people with disabilities. As outlined below, the apartment complexes have, *inter alia*, steps, excessive running slopes, primary entry doors with handles that require tight grasping and twisting, and parking spaces without wheel stops that allow parked cars to narrow excessively the passable width of sidewalks that impede the only route of travel for people with mobility impairments to travel to covered units. There is insufficient clear floor space for people in wheelchairs at bathroom toilets, lavatories and tubs, and at kitchen sinks, ranges and dishwashers. There are inaccessible routes to public and common use areas that can be blocked by parked cars, designated accessible parking spaces which lack the required access aisle for people with mobility impairments to leave or enter their parked vehicles, curbs without curb cuts, doors that are too narrow or require excessive force to open, sinks with exposed hot water and drain pipes at roll-under sinks, environmental controls beyond the reach range of wheelchair users, and exercise facilities with narrow access aisles that block access to machines for wheelchair users – all in violation of the FHA's accessibility requirements. These blatant violations, and many others, effectively communicate that people with disabilities are not welcome at the Subject Properties.

4.      According to the 2004 American Community Survey conducted by the U.S. Census Bureau, more than 51 million Americans (nearly one in five) have some

form of disability, and one in eight has a severe disability. Of that number, more than 2.7 million people over the age of 15 years use a wheelchair, and that number is expected to increase as the population ages and medical care allows people with disabilities to live longer and fuller lives. Another 7 million use a cane, crutches, a walker or other mobility aid. Accessible housing is an essential means of ensuring that people with disabilities are able to fully participate in community life.

5.     A person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps, excessively high thresholds at building or unit entrances or by excessive running slopes on the route to covered units as by a posted sign saying "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of the civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers and builders who fail to construct dwellings and public accommodations accessible to, and adaptable by, people with disabilities. H.R. REP. NO. 100-711, at 25 (1988), *reprinted in* 1988 U.S.C.C.A.N. 2173, 2186.

6.     The Design/Build Defendants' flagrant, systematic and continuing violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities, rendered units unavailable to people with disabilities, frustrated the mission of Plaintiffs and caused Plaintiffs to divert their scarce resources in an attempt to redress these violations. Enforcement of the FHA against these Defendants is necessary because of the extensive and continuing nature of the civil rights

4

violations at numerous apartment complexes that have been designed and/or constructed by them.

7.      Further, Plaintiffs bring this action against the Remedial Defendants, who are identified in paragraphs 18 through 21 and are the current managers or owners of the Subject Properties, and request as a remedy, *inter alia*, that the Remedial Defendants be enjoined from refusing to permit any survey and, where necessary, any retrofits of covered properties that may be ordered by this Court to bring properties designed and/or built by the Design/Build Defendants into full compliance with the FHA.

**PARTIES**

**A.      Plaintiffs**

8.      Plaintiff NFHA is a national, nonprofit, public service organization incorporated under the laws of the Commonwealth of Virginia with its principal place of business at 1101 Vermont Avenue N.W., Suite 710, Washington, D.C. 20005. NFHA is a nationwide alliance of private, nonprofit, fair housing organizations, including organizations in 28 states. NFHA's mission includes advocating for the rights of people with disabilities to accessible housing. NFHA is the only national organization dedicated solely to ending housing discrimination and promoting residential integration. NFHA works to eliminate housing discrimination and to ensure equal opportunity for all people through leadership, education and outreach, membership services, public policy initiatives, advocacy, investigation of fair housing violations, and enforcement. One of NFHA's goals is the promotion of accessible housing; to that end, since 1992, NFHA has conducted nationwide educational campaigns to address accessibility in rental housing.

9.      Plaintiff Fair Housing Center of Central Indiana is a private, nonprofit corporation incorporated under the laws of Indiana with its principal place of business at 615 N. Alabama Street, Suite 426, Indianapolis, Indiana 46204. FHCCI's mission includes advocating for the rights of people with disabilities to accessible housing, including in Hamilton and Boone Counties, Indiana. FHCCI works to eliminate housing discrimination and to ensure equal opportunity for all people through leadership, education and outreach, membership services, public policy initiatives, advocacy, investigation of fair housing violations, and enforcement. One of FHCCI's goals is the promotion of accessible housing.

10.     Plaintiff H.O.P.E., Inc., doing business as HOPE Fair Housing Center, is a private, nonprofit corporation incorporated under the laws of Illinois with its principal place of business at 2100 Manchester Road, Building C, Suite 1620, Wheaton, Illinois 60187. HOPE's mission includes advocating for the rights of people with disabilities to accessible housing, including in Peoria County, Illinois. HOPE works to eliminate housing discrimination and to ensure equal opportunity for all people through leadership, education and outreach, membership services, public policy initiatives, advocacy, investigation of fair housing violations, and enforcement. One of HOPE's goals is the promotion of accessible housing.

**B.      Design/Build Defendants**

11.     Defendant Buckingham Realty and Development Corporation (formerly known as Indianapolis Capital Management and Construction Corporation) is an Indiana corporation with its principal place of business at 941 N. Meridian Street, Indianapolis, Indiana 46204. Either directly or through affiliated companies, Buckingham Realty and

6

Development Corporation has been and continues to be in the business of developing, building and managing multifamily residential properties that are covered by the FHA, including but not limited to:

   a.   Apartments at Grand Prairie, 5400 W. Sienna Lane, Peoria, Illinois 61615;

   b.   Champion Farms Apartments at Springhurst, 3700 Springhurst Blvd., Louisville, Kentucky 40241;

   c.   Providence at Old Meridian, 300 Providence Blvd., Carmel, Indiana 46032; and

   d.   The Reserve at Williams Glen, 2201 William's Glen Blvd., Zionsville, Indiana 46077.

In one or more of these capacities, Defendant Buckingham Realty and Development Corporation is responsible for the design and/or construction of these properties. Defendant Buckingham Realty and Development Corporation operates under the assumed name The Buckingham Companies. Bradley Buckingham Chambers founded Defendant Buckingham Realty and Development Corporation in 1984, is its President and Chief Executive Officer, is a principal in all of its subsidiaries, and maintains a substantial and direct role in the management of all of its subsidiaries.

   12.   Defendant Buckingham Construction Corporation (formerly known as Metro Construction Corporation) is an Indiana corporation with its principal place of business at 941 N. Meridian Street, Indianapolis, Indiana 46204. Buckingham Construction Corporation built, or designed and built, Grand Prairie. Certificates of occupancy for Grand Prairie were issued to Buckingham Construction Corporation on December 10, 2010. Defendant Buckingham Construction Corporation also built, or designed and built, Providence at Old Meridian and The Reserve at Williams Glen.

7

13.     Defendant Michigan Road Partners, LLC is an Indiana company with its principal place of business at 941 N. Meridian Street, Indianapolis, Indiana 46204. It was the owner of The Reserve at Williams Glen during the time of its design and/or construction and, in this capacity, is responsible for the design and/or construction of The Reserve at Williams Glen.

14.     Defendant Providence Housing Partners, LLC is an Indiana company with its principal place of business at 941 N. Meridian Street, Indianapolis, Indiana 46204. It was the owner of Providence at Old Meridian during the time of its design and/or construction and, in this capacity, is responsible for the design and/or construction of Providence at Old Meridian.

15.     Defendant Springhurst Housing Partners, LLC is an Indiana company with its principal place of business at 941 N. Meridian Street, Indianapolis, Indiana 46204. It was the owner of Champion Farms during the time of its design and/or construction, and, in this capacity, is responsible for the design and/or construction of Champion Farms. Defendant Springhurst Housing Partners, LLC is also the current owner of Champion Farms and, in this capacity, is a necessary party for the relief sought by Plaintiffs.

16.     Upon information and belief, Design/Build Defendants Buckingham Construction Corporation, Michigan Road Partners, LLC, Providence Housing Partners, LLC, and Springhurst Housing Partners, LLC, and Remedial Defendants Buckingham Management, LLC, Buckingham MR, LLC, and Providence HUD, LLC, are and at all relevant times have been subsidiaries of, controlled by, mere instrumentalities of, and agents of Defendant Buckingham Realty and Development Corporation, such that

8

Defendant Buckingham Realty and Development Corporation is liable for their acts alleged herein.

17.     In doing the acts or in omitting to act as alleged in this Complaint, each employee or officer of each Design/Build Defendant was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employee or officer as agent was subsequently ratified and adopted by each Design/Build Defendant as principal.

**C.     Remedial Defendants**

18.     Defendant Buckingham Management, LLC is an Indiana company with its principal place of business at 941 N. Meridian Street, Indianapolis, Indiana 46204. Defendant Buckingham Management, LLC is in the business of managing covered multifamily residential properties, including Grand Prairie, and, in this capacity, is a necessary party for the relief sought by Plaintiffs.

19.     Defendant Buckingham MR, LLC is an Indiana company with its principal place of business at 941 N. Meridian Street, Indianapolis, Indiana 46204.   It is the current owner of The Reserve at Williams Glen, and, in this capacity, is a necessary party for the relief sought by Plaintiffs.

20.     Defendant Grand Prairie Apartments, LLC is an Illinois company with its principal place of business at 2020 W. War Memorial, Suite 103, Peoria, Illinois 61614. It is the current owner of Grand Prairie, and, in this capacity, is a necessary party for the relief sought by Plaintiffs. Grand Prairie Apartments, LLC hired Defendant Buckingham Construction Corporation to build Grand Prairie on its behalf and, upon information and belief, had substantial contacts with Indiana for this purpose.

21. Defendant Providence HUD, LLC is an Indiana company formed in 2011. The address of its initial registered office is 941 N. Meridian, Indianapolis, Indiana 46204. It is the current owner of Providence at Old Meridian, and, in this capacity, is a necessary party for the relief sought by Plaintiffs.

## JURISDICTION AND VENUE

22. This Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 3613(a).

23. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in and/or are residents of the district, a substantial part of the events and omissions giving rise to the claims occurred in the district, and a substantial part of the property that is the subject of this action is situated in the district.

## STATUTORY AND REGULATORY FRAMEWORK

24. Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability.

25. In response to Congressional findings regarding the impact of architectural barriers on people with disabilities, the FHA mandated that every multifamily apartment building containing four (4) or more units, and built for first occupancy after March 13, 1991 ("covered multifamily dwellings"), be subject to certain design and construction requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

a. An accessible building entrance on an accessible route;

10

b.      Public use and common use areas that are readily accessible to, and usable by, people with disabilities;

c.      Doors into and within covered units and in public and common use areas that are sufficiently wide to allow passage by people in wheelchairs;

d.      An accessible route into and through the dwelling;

e.      Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

f.      Reinforcements in bathroom walls that allow for the later installation of grab bars; and

g.      Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

26.     Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, *see* 24 C.F.R. § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standard for Buildings and Facilities Providing Accessibility and Usability for Physically Handicapped People, A117-1-1986 (hereinafter "ANSI"), *see* 56 Fed.Reg. 9472 (Mar. 6, 1991), and the *Fair Housing Act Design Manual* in August 1996, which was revised in August 1998.

## FACTUAL AND LEGAL BACKGROUND

27.     Plaintiff NFHA became aware in March or April 2012 that new multifamily housing complexes designed and/or constructed by the Design/Build

11

Defendants did not include the required elements of accessible and adaptable design. NFHA subsequently visited one or more of the Subject Properties and identified multiple FHA design and construction violations.

28.     Plaintiff FHCCI became aware in March 2012 that new multifamily housing complexes designed and/or constructed by the Design/Build Defendants did not include the required elements of accessible and adaptable design.  FHCCI subsequently visited one or more of the Subject Properties and identified multiple FHA design and construction violations.

29.     Plaintiff HOPE became aware in March 2012 that new multifamily housing complexes designed and/or constructed by the Design/Build Defendants did not include the required elements of accessible and adaptable design.  HOPE subsequently visited one or more of the Subject Properties and identified multiple FHA design and construction violations.

30.     The Design/Build Defendants' violations of 42 U.S.C. § 3604(f)(3)(C) at the Subject Properties include, but are not limited to, those outlined in paragraphs 31 through 37 below.  These allegations represent just some of the evidence of a continuing pattern and practice of the Design/Build Defendants' failures to design and construct covered units and public and common use areas in accordance with 42 U.S.C. § 3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations.

31.     Design/Build Defendants have failed to design and/or construct covered, multifamily dwellings with an accessible entrance on an accessible route, in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(I) and 24 C.F.R. § 100.205(a) (2008).  For example:

12

a.      Providence at Old Meridian and The Reserve at Williams Glen have one or more steps which cause excessively high and abrupt level changes for people with mobility impairments on the accessible route to covered units in violation of FHAAG Requirement 1, Guideline (1)(a), ANSI 4.3.8, and ANSI 4.5.2;

b.      Champion Farms has sidewalks on accessible routes with excessively steep running slopes for people with mobility impairments, greater than 5%, and without ramp features in violation of FHAAG Requirement 1, Guideline (1)(a) and ANSI 4.3.7;

c.      Champion Farms has sidewalks on accessible routes with excessively steep running slopes for people with mobility impairments, greater than 8.33%, in violation of FHAAG Requirement 1, Guideline (1)(a), ANSI 4.3.7, and ANSI 4.8.2;

d.      The Reserve at Williams Glen has primary entry doors to covered units with door handles that require tight grasping, pinching and twisting of the wrist to operate, in violation of FHAAG Requirement 1, Guideline 1(a), ANSI 4.3.9, and ANSI 4.13.9; and

e.      Grand Prairie and Champion Farms have parking spaces without wheel stops located adjacent and perpendicular to sidewalks such that when a vehicle is parked in the space the overhang of the vehicle reduces the width of the accessible route to less than 36 inches wide in violation of FHAAG Requirement 1, Guideline 1(a), ANSI 4.3.3, and ANSI 4.6.2.

32.     Design/Build Defendants have failed to design and/or construct public and common use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. § 100.205(c)(1) (2008).  For example:

a.     Providence at Old Meridian has sidewalks leading to the leasing office that are obstructed by tree planters that reduce the width of the accessible route to less than 36 inches wide in violation of FHAAG Requirement 2 and ANSI 4.3.3;

b.     Providence at Old Meridian has steps which cause excessively high and abrupt level changes for people with mobility impairments on the accessible route to the clubhouse in violation of FHAAG Requirement 2 and ANSI 4.3.8;

c.     The Reserve at Williams Glen has curb ramps on accessible routes that are partially or fully blocked for passage by people in wheelchairs when a vehicle is legally parked in the parking space designated for people with disabilities, in violation of FHAAG Requirement 2, ANSI 4.3.3, and ANSI 4.7.8;

d.     Providence at Old Meridian and Champion Farms have accessible routes with excessively high and abrupt level changes caused by sidewalks that do not have a curb ramp to access aisles that are adjacent to parking spaces designated for people with disabilities in violation of FHAAG Requirement 2 and ANSI 4.7.1;

e.     The Reserve at Williams Glen and Champion Farms have parking spaces designated for people with disabilities without an adjacent access aisle

14

thereby preventing a wheelchair user from safely transferring to or from a parked vehicle to a wheelchair or using a van lift in violation of FHAAG Requirement 2 and ANSI 4.6.2;

f.      Grand Prairie includes garage and covered stall parking spaces, and The Reserve at Williams Glen includes garage parking spaces, but they do not offer such spaces that are accessible for people with disabilities, in violation of FHAAG Requirement 2(4);

g.      Grand Prairie and Providence at Old Meridian fail to provide a sufficiently wide route to the exercise equipment for wheelchair passage, in violation of FHAAG Requirement 2 and ANSI 4.3.3;

h.      Grand Prairie has a common use restroom with insufficient space between the centerline of the toilet and the adjacent wall for use of the toilet by people with a mobility impairment in violation of FHAAG Requirement 2, ANSI 4.22.3, and ANSI 4.17.3, figure 30;

i.      Grand Prairie has a common use kitchen without sufficient, centered clear floor space at the sink for a wheelchair user to use the sink in violation of FHAAG Requirement 2 and ANSI 4.19.3;

j.      Providence at Old Meridian has a common use rest room with exposed hot water and drain pipes under the sink in violation of FHAAG Requirement 2 and ANSI 4.19.4;

k.      A firm, stable and slip resistant traveling surface for people in wheelchairs is not provided to the community garden at Champion Farms in violation of FHAAG Requirement 2 and ANSI 4.5.1; and

l.      Grand Prairie and Champion Farms have parking spaces at the clubhouse designated for people with disabilities that are too narrow in violation of FHAAG Requirement 2 and ANSI 4.6.2.

33.     Design/Build Defendants have failed to design and/or construct doors that are sufficiently wide to allow passage by people in wheelchairs in compliance with 42 U.S.C. § 3604(f)(3)(C)(ii) and 24 C.F.R. § 100.205(c)(2) (2008). For example, Providence at Old Meridian has a doorway to the mailbox area that is too narrow to allow passage by people in wheelchairs in violation of FHAAG Requirement 3, ANSI 4.3.9, and ANSI 4.13.5.

34.     Design/Build Defendants have failed to design and/or construct accessible routes into and through all premises within covered dwellings in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(I) and 24 C.F.R. § 100.205(c)(3)(i) (2008). For example:

a.      Champion Farms has doors to the patio or balcony with excessively high and abrupt level changes at the interior and exterior sides of the threshold in violation of FHAAG Requirement 4, Guidelines 4 and 5; and

b.      Providence at Old Meridian and The Reserve at Williams Glen have doors to the patio or balcony with excessively high and abrupt level changes at the interior side of the threshold in violation of FHAAG Requirement 4, Guideline 4.

35.     Design/Build Defendants have failed to design and/or construct light switches, electrical outlets, and/or environmental controls in accessible locations in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii) (2008). For example, the operable parts of environmental controls in the clubhouse at

Providence at Old Meridian and of kitchen light switches at Champion Farms are beyond the reach range of people in wheelchairs in violation of FHAAG Requirement 5.

36.   Design/Build Defendants have failed to design and/or construct usable kitchens such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § 100.205(c)(3)(iv) (2008). For example:

a.   Grand Prairie has kitchens with insufficient maneuvering space for a wheelchair user to make a parallel approach to the sink in violation of FHAAG Requirement 7, Guidelines 1(a) and 1(c);

b.   Champion Farms has kitchens with insufficient centered clear floor space at the range in violation of FHAAG Requirement 7, Guideline 1(a);

c.   Champion Farms has kitchens with insufficient centered clear floor space at the dishwasher in violation of FHAAG Requirement 7, Guideline 1(a); and

d.   Providence at Old Meridian has kitchens with insufficient clearance between opposing elements, such as between the refrigerator and the pantry, and between the range and the sink, in violation of FHAAG Requirement 7, Guideline 1(b).

37.   Design/Build Defendants have failed to design and/or construct usable bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § 100.205(c)(3)(iv) (2008). For example:

17

a.  Champion Farms has insufficient clear space between the centerline of the toilet and the adjacent wall for the later installation of a grab bar in violation of FHAAG Requirement 7, Guideline (2)(b)(iv), fig. 7(a);

b.  Providence at Old Meridian has insufficient centered clear floor space at bathroom sinks for a wheelchair user to use the sink in violation of FHAAG Requirement 7, Guideline (2)(a)(ii), fig. 7(c); and

c.  Providence at Old Meridian has insufficient clear floor space at the bathtub in violation of FHAAG Requirement 7, Guideline 2(a)(ii), fig. 7(b).

38.  Further, by failing to provide the accessible and adaptable features required by 42 U.S.C. § 3604(f)(3)(C) at the Subject Properties for people with physical disabilities, including but not limited to those outlined in paragraphs 31 through 37 above, the Design/Build Defendants have made dwellings unavailable to people with physical disabilities in violation of 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

## INJURY TO PLAINTIFFS

39.  As a result of the Design/Build Defendants' actions described above, Plaintiffs have been directly and substantially injured. Plaintiffs have been frustrated in their missions to eradicate discrimination in housing and in carrying out the programs and services they provide, including encouraging integrated living patterns, educating the public about fair housing rights and requirements, educating and working with industry groups on fair housing compliance, providing assistance to individuals and families looking for housing or affected by discriminatory housing practices and eliminating

18

discriminatory housing practices. Plaintiffs have also been damaged by having to divert scarce resources that could have been used to provide these services to instead identify and counteract the Design/Build Defendants' discriminatory conduct.

40.     In addition, Plaintiffs have invested considerable time and effort in education about the importance of accessible housing for people with disabilities, in an attempt to secure compliance by entities involved in the design and construction of covered multifamily dwellings. Each time the Design/Build Defendants designed and constructed covered dwellings that did not comply with the FHA and/or failed to remediate such violations, they frustrated the mission of Plaintiffs inasmuch as they served to discourage people with disabilities from living at that dwelling and encouraged other entities involved in the design, construction and rental of covered units to disregard their own responsibilities under the FHA. The Design/Build Defendants' conduct reduced the effectiveness of Plaintiffs' outreach efforts and caused Plaintiffs to provide additional educational programs to rebut the impression that constructing inaccessible residential housing is permissible.

41.     The Design/Build Defendants' continuing discriminatory practices have forced Plaintiffs to divert significant and scarce resources to identify, investigate and counteract the Design/Build Defendants' discriminatory practices, and such practices have frustrated Plaintiffs' other efforts against discrimination, causing Plaintiffs to suffer concrete and demonstrable injuries.

42.     Plaintiffs have conducted site visits, investigations, surveys or tests at the Subject Properties, resulting in the diversion of their resources in terms of staff time,

salaries and travel and incidental expenses that they would not have had to expend were it not for the Design/Build Defendants' violations.

43.     Until remedied, the Design/Build Defendants' unlawful, discriminatory actions will continue to injure Plaintiffs, by *inter alia*:

      a.     interfering with efforts and programs intended to bring about equality of opportunity in housing;

      b.     requiring the commitment of scarce resources, including substantial staff time and funding, to investigate and counteract the Design/Build Defendants' discriminatory conduct, thus diverting those resources from the Plaintiffs' other activities and services, such as education, outreach, and counseling; and

      c.     frustrating Plaintiffs' missions and purposes of promoting the equal availability of housing to all persons without regard to any protected category, including disability.

44.     The Design/Build Defendants' discriminatory conduct will also deprive individuals to whom Plaintiffs provide services and others living in and near the Subject Properties of the benefit of living in a diverse community that includes people who have disabilities and use wheelchairs.

## LEGAL CLAIMS

45.     Plaintiffs adopt and re-allege the allegations of paragraphs 1 through 44 of this Complaint.

46.     Each of the properties specified in paragraph 11 above contain residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

47.     At the properties specified in paragraph 11 above, all ground-floor units in non-elevator buildings and all units on floors served by elevators are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public and common use areas of the properties specified in paragraph 11 above are also subject to the design and construction requirements of 42 U.S.C. § 3604(f)(3)(C).

48.     The Design/Build Defendants, together and separately, have failed to design and/or construct the Subject Properties so that:

     a.     all ground floor units are served by an accessible route into and through the dwelling;

     b.     the public use and common use portions are readily accessible to and usable by people with disabilities;

     c.     the doors into and within covered units and in public and common use areas are sufficiently wide to allow passage by people in wheelchairs;

     d.     there is an accessible route into and through the covered units;

     e.     light switches, electrical outlets, thermostats and other environmental controls are in accessible locations; and

     f.     the covered units have usable kitchens and bathrooms such that a person in a wheelchair can maneuver about the space.

49.     Through the actions and inactions described above, the Design/Build Defendants, together and separately, have:

    a.  discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

    b.  discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

    c.  failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. § 100.205.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court grant them the following relief:

(1)    Enter a declaratory judgment that the foregoing acts, policies, and practices of the Design/Build Defendants violate the FHA, 42 U.S.C. § 3604(f)(1), (f)(2) and (f)(3)(C), and the applicable regulations;

(2)    Enter a permanent injunction enjoining the Design/Build Defendants, their officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, from failing or refusing to:

    A.    bring the covered dwelling units and the public use and common use areas at the Subject Properties into compliance with the requirements of 42

U.S.C. § 3604(f)(3)(C) and the applicable regulations; comply with such procedures for inspection and certification of the corrections performed as may be ordered by this Court; and perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them;

B.      design or construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

C.      take such steps as will eliminate, to the fullest extent practicable, the lingering effects of their unlawful housing practices;

(3)      Order the Design/Build Defendants to:

A.      survey each and every apartment community for which they or a related entity had a role in the design or construction since March 13, 1991, other than the Subject Properties ("the Remaining Portfolio"), and assess the compliance of each with the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations;

B.      report to the Court the extent of the noncompliance of the properties in the Remaining Portfolio with the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

C.      bring each and every property in the Remaining Portfolio into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations;

(4)      Enter a permanent injunction enjoining the Remedial Defendants and the owner of any other covered apartment community in the Remaining Portfolio not presently known to Plaintiffs from failing or refusing:  to permit the survey of any of their

covered properties that were designed and/or built by the Design/Build Defendants and any retrofits ordered by the Court to be made at such property; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment against the Design/Build Defendants;

(5)     Award such damages as will fully compensate Plaintiffs for their injuries incurred as a result of the Design/Build Defendants' discriminatory housing practices and conduct alleged herein;

(6)     Award such punitive damages against the Design/Build Defendants as are proper under law to punish them for their malicious and recklessly indifferent conduct alleged herein and to effectively deter similar conduct in the future, pursuant to 42 U.S.C. § 3613(c)(1)(a);

(7)     Award Plaintiffs their costs and attorneys' fees incurred herein, pursuant to 42 U.S.C. § 3613(c)(2); and

(8)     Order such other relief as the Court deems just and proper.


Respectfully submitted,

_____
Stephen M. Dane*
Glenn Schlactus*
Thomas J. Keary*
RELMAN, DANE & COLFAX PLLC
1225 19th Street, N.W.
Suite 600
Washington, D.C. 20036
(202) 728-1888 (voice)
(202) 728-0848 (fax)

24

sdane@relmanlaw.com
gschlactus@relmanlaw.com
tkeary@relmanlaw.com

John Emry (Indiana Bar No. 8360-49)
JOHN EMRY LAW
62 W. Jefferson Street
Franklin, IN  46131
(317) 736-5800 (voice)
(317) 736-6070 (fax)
johnemrylaw@att.net

*Attorneys for Plaintiffs National Fair
Housing Alliance, Inc., Fair Housing Center
of Central Indiana, and H.O.P.E., Inc.*

Morgan Williams*
NATIONAL FAIR HOUSING ALLIANCE
1101 Vermont Ave., N.W.
Suite 710
Washington, DC 20005
(202) 898-1661 (voice)
(202) 371-9744 (fax)
mwilliams@nationalfairhousing.org

*Attorney for Plaintiff National Fair Housing
Alliance, Inc.*

December 7, 2012

* *Pro Hac Vice Application to be Filed*

25